### KUHN et al. v. LOCK STUB CHECK CO.

(Circuit Court, S. D. New York. November 11, 1907.)

PATENTS—INVENTION—TYPE BLOCK—ENLARGEMENT IN DEGREE.

> The Force patent, No. 705,228, for a handle for a type block, consisting of a metallic handle with two flanges at the lower end having gripping edges, between which is held a rubber type block, the claimed invention being in the use of the flanges, instead of glue or cement, to fasten the rubber block to the handle, is void on its face for lack of invention.

In Equity. On demurrer to bill.

Schreiter & Matthews and Henry Schreiter, for complainants.
George D. Beattys and George B. B. Lamb, for defendant.

HAZEL, District Judge. This action for alleged infringement of patent No. 705,228, granted July 22, 1902, to William A. Force, is before me on demurrer, on the single ground that the patent is void for want of patentable invention. Claim 1 is for flanges on a metallic handle arranged to firmly embrace a rubber type block, claim 2 specially provides for gripping edges on the ends of the flanges, and claim 3 sets forth the combination of a metallic handle with a type block firmly held between the flanges. The sole achievement of the patentee was to provide means for securing a rubber die used in printing to a metallic handle; such fastening of the die upon the surface of the handle being brought about by providing two thin flanges with gripping edges on opposite sides of the handle, the die being placed between the flanges, and firmly gripped and held therein. To do this was not invention. No new or different results were produced by thus fastening the rubber die, instead of affixing the same to the handle with glue or cement, which, according to the specification in suit, was the prior custom and state of the art. The claims relate exclusively to the means adapted for fastening the type block at the lower end of a metallic handle; and patentable invention is asserted because the old rubber dies were defective, or, rather, were insecurely affixed to the handle. The specification calls attention to the fact that disadvantages resulted from glueing the rubber die upon the surface of the metal handle on account of the disintegration of the adhesive substance due to the corroding chemicals

contained in the ink, which resulted in the die dropping from the handle. This objection to the printing die is quite believable; but I cannot perceive anything patentably new and novel in simply making a groove with thin gripping sides at the end of a piece of metal to enable securely holding a rubber type block which is suitably cut to fit the groove. It does not seem to me that any new principle or method of operation is here involved. What the patentee did was simply to improve the prior art in degree; and in my opinion any skilled mechanic, upon request to make such a printing die, could have produced it without exercising the inventive faculty. The patent laws are quite liberal to inventors who make a substantial discovery or invention which contributes to the progress of the arts and sciences, and forms an addition to our understanding; but, as has been frequently held, a monopoly cannot be granted for an improvement which would occur to any skilled workman in the ordinary "progress of manufacture." Atlantic Works v. Brady, 107 U. S. 192, 2 Sup. Ct. 225, 27 L. Ed. 438. That the improvement had superior utility, and, indeed, that it immediately superseded other printing die devices, is not material where the question of invention is not in doubt. Hollister v. Benedict Mfg. Co., 113 U. S. 59, 5 Sup. Ct. 717, 28 L. Ed. 901.

The demurrer is sustained.